IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES TUGGLE,

Defendant.                                         No. 05-30015-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Defendant's Motion for Relief Pursuant to Rule 60(b)(6) (Doc. 723) and Motion to Compel (Doc. 732).

On October 20, 2005, the grand jury returned a superseding indictment charging Defendant Charles Tuggle with one count of conspiring and agreeing with others to knowingly and intentionally distribute and possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) (Count 1) and one count of forfeiture (Count 9)[1] (Doc. 169). On March 6, 2006, Defendant Tuggle entered a plea of guilty as to Count 1 of the superseding indictment (Doc. 270). Tuggle was sentenced to the statutory mandatory sentence of 120 months (Doc. 402).

---

[1] Count 9 was later dismissed on oral motion by the Government (*See* Doc. 398).

**A.    Motion for Relief Pursuant to Rule 60(b)(6)**

Defendant seeks reconsideration of the Judgment, sentencing Defendant to the mandatory statutory minimum of 120 months (Doc. 402). Defendant argues that the Court erred in determining that it could not sentence Defendant below the ten (10) mandatory minimum. Defendant further argues that the Court erred in finding that Defendant was in possession of 5 kilograms or more of cocaine. Defendant has filed his motion for reconsideration under **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**. However, nowhere under the **FEDERAL RULES OF CRIMINAL PROCEDURE** exists the authority for one to file a "motion for reconsideration" of a previous court ruling, although such procedural vehicle does exist in civil cases. ***See United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a 'motion to reconsider'…[t]here is no authority in the Federal Rules of Criminal Procedure for a 'motion for reconsideration.'").** Clearly, a party in a *criminal* case cannot move for relief pursuant to a rule pertaining only to *civil* litigation. Therefore, the instant Motion is not proper and should be denied for this reason.

Further, the Court does not have jurisdiction to hear this motion. Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if

timely filed.  Under **FEDERAL RULE OF CRIMINAL PROCEDURE 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a **Rule 33** motion for new trial based on evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict.  Lastly, a collateral attack under **28 U.S.C. § 2255** has a 1 year statute of limitations.

Here, Defendant asks that the Court resentence him, but he does not cite any case law or statute which allows the Court to consider this motion.  Rule 35 is inapplicable because this motion was brought long after the 7 day deadline and the Government has not filed a motion to reduce.  Likewise, Rule 33 does not apply because the motion to amend is not brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely brought based on other reasons.  Therefore, the only other possible procedural avenue that Defendant Tuggle could bring this motion is a **§ 2255** collateral attack.[2]  Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255.  ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).**  However, the Seventh Circuit has been reluctant to allow district courts to construe other motions as a § 2255 motion as it can preclude later collateral attacks, and a district court should first warn a petitioner about the "consequences of

---

[2] In the event Tuggle wishes to file a collateral attack, the Court advises Taylor to consult **28 U.S.C. § 2255**, the Federal Rules of Criminal Procedure, and the Court's Local Rules on how to properly file such a petition.

recharacterization under § 2255" and give him a chance to withdraw his petition. *Williams v. United States*, **366 F.3d 438 (7th Cir. 2004) (per curiam)**. *See also United States v. Evans*, **224 F.3d 670, 675 (7th Cir. 2000);** *Castro v. United States*, **540 U.S. 375, 383, 124 S. Ct. 786 (2003);** *Henderson* v. United States, **264 F.3d 709, 711 (7th Cir. 2001)**. After reviewing the pleading, it is not clear to the Court that Defendant intends to pursue a collateral attack and the Court is reluctant to construe Defendant's motion as such. Because the Court finds that Defendant's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court **DENIES for lack of jurisdiction** Tuggle's motion for relief pursuant to Rule 60(b)(6) (Doc. 723).

**B.     Motion to Compel**

Defendant has also filed a motion to compel (Doc. 732) asking the Court to order Defendant's attorney, Turner Rouse, to provide Defendant with several documents from his file. Defendant seeks copies of certain legal documents including: copies of the indictment, a copy of any and all warrants issued against Defendant, a copy of DD-302 form, a copy of all applications given to the Court by the FBI in regards to the eavesdropping statute, and a copy of all telephone transcripts associated with the eavesdropping. Defendant states that he has sought the documents from attorney Rouse but has been unable to obtain any of the above-stated documents. However, as previously stated, once a district court enters final

judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. It does not appear that Defendant's motion falls within any of the authorized exceptions. Therefore, the Court **DENIES for lack of jurisdiction** Defendant Tuggle's motion to compel (Doc. 732).

Accordingly, the Court **DENIES for lack of jurisdiction** both Defendant Tuggle's motion for relief pursuant to Rule 60(b)(6) (Doc. 723) and motion to compel (Doc. 732).

**IT IS SO ORDERED.**

Signed this 9th day of July, 2009.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**