IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES TUGGLE,

Defendant.                                              No. 05-30015-DRH

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

      Before the Court is a motion for transcript filed by Defendant Charles Tuggle (Doc. 767). Defendant asks for a transcript of his sentencing and states that he has paid for the transcripts and has attached a receipt number. The Court first notes the receipt Defendant referred to in his motion is a receipt from a payment towards his fine and not for transcripts. Therefore, the Court construes this motion as a request for free copies of the transcripts. Based on the following, the Court rules as follows.

      As to the motion for transcripts and docket information, Tuggle does not state why he needs his sentencing transcripts. He only states that he has already paid for the transcripts, which as the Court has noted is not accurate. Further, these transcripts do not exist. The transcripts for his sentencing hearing has not been prepared.

      When transcripts have not been prepared, a defendant has a right to

have transcripts prepared at the Government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a *pending* and non-frivolous action. **See 28 U.S.C. § 753(f) (emphasis added).** These requirement do not violate the Constitution. **See *United States v. McCollum*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).**

Further, section 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that documents requested are necessary for the preparation of some specific non-frivolous court action. **See *United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977)**.

Here, Tuggle's motion clearly is insufficient. The transcripts are not part of the Court's file. Thus, the Court cannot provide them under § 753(b). In any event, Tuggle fails to demonstrate that he needs the transcripts for a non-frivolous action. Tuggle does not state any reason that he needs the transcripts, only that he asks the Court to send him transcripts along with a copy of his PSR. Accordingly, as he has no pending action, he is not eligible for transcripts under § 753(f). Further, the Court is unaware of any authority that provides for transcripts at the

Government's expense for one's personal records. Likewise, his PSR and docketing sheet. The latter documents can be obtained from his counsel who already has copies.

Lastly, the Court will give the Defendant the benefit of the doubt, even though it does not appear that he deserves it, in that the Court will assume that the Defendant believed that he paid for "the transcript" and that the receipt submitted was evidence of that fact. The Court will assume, for now, that the Defendant did not deliberately attempt to defraud the Court on the issue, a very serious matter. However, the Court warns the Defendant that any deliberate effort to misrepresent a fact in a pleading to this Court will be met with serious sanctions. Those sanctions could include, among other remedies, the dismissal of the Defendant's case or the imposition of a monetary fine (including an order to the custodial institution to withdraw money each month until the fine is paid off).

For the reasons cited above, the Court **DENIES** Tuggle's motion for transcripts (Doc. 767).

**IT IS SO ORDERED.**

Signed this 26th day of April, 2010.

/s/ *DavidRHerndon*
**Chief Judge**
**United States District Court**